# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES WILLIAMS, : | |
|        Plaintiff, : | Civil No. 06-3072 |
| v. : | |
| MICHAEL E. KUNZ, et al., : | **OPINION** |
|        Defendants. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon motions by plaintiff Charles Williams ("Plaintiff") for entry of a default judgment against and to compel discovery from defendants Michael E. Kunz ("Kunz") and the Honorable Louis H. Pollak ("Judge Pollak") (collectively "Defendants"). For the reasons set forth below, the Court will deny both motions and stay discovery pending resolution of the question of Defendants' immunity.

## I. BACKGROUND

Plaintiff, acting pro se and in forma pauperis ("IFP"), alleges that Defendants, acting in their official and individual capacities, unconstitutionally denied him access to the court, due process, and equal protection, in addition to claims of negligence, gross negligence, fraud, and conspiracy. (Compl.) These claims stem from Defendants' alleged refusal to implement service of process in a case Plaintiff brought against Temple University. (Compl. ¶¶ 20-36.) Plaintiff

states that he filled out and submitted USM 285 forms provided to him by the clerk's office; however, the clerk's office never responded, despite his inquiries in April 2004, December 2004, February 2005, and March 2005. (Compl. ¶¶ 11-12.) Additionally, Plaintiff states that he asked Judge Pollak about the matter but received no response. (Compl. ¶ 31.) Plaintiff further alleges that the clerk's office failed to note the submission of his USM 285 forms on the docket and neglected to return his legal documents to him. (Compl. ¶¶ 22, 33). As a result of these alleged constitutional and tort violations, Plaintiff filed a <u>Bivens</u> motion for injunctive relief and damages. <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1]

On December 8, 2006, Plaintiff filed motions for default judgment and to compel discovery. Defendants were not served copies on that date, however. On April 27, 2007, before service was completed, the government filed a motion for an extension of time to reply. This Court granted the motion, thereby extending the time to respond to sixty days after proper service. Service was completed on May 21, 2007.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. <u>Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.</u>, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such "discretion is

---

[1] A <u>Bivens</u> action allows a plaintiff to sue a federal defendant who, acting under federal law, deprived plaintiff of a constitutional right. <u>Bivens</u> actions are analogous to actions against individuals acting under the color of state law under 42 U.S.C. § 1983.

not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Although the Court should accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)). Consequently, before granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Asher, 2006 WL 680533, at *1 (citing Directv, Inc. v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004); Wright, Miller, & Kane, § 2688, at 63).

A motion to compel discovery is made pursuant to Federal Rule of Civil Procedure 37(a)(2)(A), which reads in pertinent part: "[I]f a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested . . . , the discovering party may move for an order compelling . . . inspection." A Rule 37 motion to compel discovery is controlled by Rule 26(b)(1), which sets forth the standard against which the inquiries are to be measured. Discovery is generally allowed if the information sought is "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). The discovery rules are to be construed liberally in favor of the party seeking discovery. Hickman v. Taylor, 329 U.S. 495, 507 (1947).

## III. ANALYSIS

### A. Plaintiff's Motion for Default Judgment

Plaintiff bases his argument for default on Defendants' alleged failure to respond after service of process. Under Rule 4(c)(2), a party who is authorized to proceed IFP pursuant to 28 U.S.C. § 1915, must direct service to be "effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." Fed. R. Civ. P. 4(c)(2). Rule 4(i)(1) delineates how to effect proper service when suing officers of the United States in their official capacities. Specifically, an IFP plaintiff must see that a copy of the summons and complaint are delivered to one of the designated individuals in the United States Attorney's office. Fed. R. Civ. P. 4(i)(1)(A). The Federal Rules also require personal service on the defendants when a plaintiff sues officials of the federal government in their individual capacities. Fed. R. Civ. P. 4(i)(2)(B).

Plaintiff's affidavit accompanying his motion states that service occurred on July 13, 2006 and July 19, 2006 and, therefore, the government had thirty days from July 19th to respond. The docket, however, reflects that the United States Marshals Service did not serve the United States Attorney until March 8, 2007, and Judge Pollak and Kunz were not served by the Marshals Service until May 21, 2007. Between those dates, on April 27, the government filed for an extension of time to file a response, which this Court granted on May 23. The Order instructed the government to file responsive pleading within sixty days from the date Plaintiff's complaint was properly served. On July 20, 2007, the Government responded to Plaintiff's complaint by filing a motion for summary judgment within the sixty-day deadline. Accordingly, this Court will deny Plaintiff's motion for default judgment because Defendants have timely responded to Plaintiff's complaint.

B. Plaintiff's Motion to Compel

Plaintiff seeks an order compelling Kunz to comply with Plaintiff's September 30, 2006 request for production of documents. Rule 37(a)(2) specifies the grounds on which a party may seek a motion to compel discovery, including the failure of an opposing party to respond to a request for production of documents. Fed. R. Civ. P. 37(a)(2)(B).

In his motion, Plaintiff argues that since more than thirty days have passed since his initial request, Defendants have waived their right to object the request. Nonetheless, the Court notes that Defendants have filed a motion for summary judgment in response to Plaintiff's complaint in which they assert the defense of immunity. Where a defendant claims immunity from suit, discovery is not conducted until the threshold question of immunity is decided. Pahler v. City of Wilkes-Barre, 207 F. Supp. 2d 341, 345 (M.D. Pa. 2001) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)), aff'd 31 F. App'x 69 (3d Cir. 2002). The Supreme Court reasoned that a defendant who is truly immune from suit should not "face the burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

Defendants have asserted a defense of immunity, the merits of which should be decided before discovery commences. Therefore, the Court will stay discovery pending resolution of the question of Defendants' immunity.

## IV. CONCLUSION

Based on the foregoing reasoning, this Court will deny Plaintiff's motion for entry of default judgment. This Court will further deny Plaintiff's motion to compel discovery. An

accompanying Order shall issue today.

Dated: 9-27-07

ROBERT B. KUGLER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES WILLIAMS, | : | |
| Plaintiff, | : | Civil No. 06-3072 |
| v. | : | |
| | : | **ORDER** |
| MICHAEL E. KUNZ, et al., | : | |
| Defendants. | : | |

THIS MATTER having come before the Court upon motions by plaintiff Charles Williams ("Plaintiff") for entry of default judgment against and to compel discovery from defendants Michael E. Kunz and the Honorable Louis H. Pollak ("Defendants"), and the Court having considered the moving papers; and for the reasons expressed in the Opinion issued this date;

IT IS HEREBY **ORDERED** that Plaintiff's motion for entry of default judgment is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's motion for an order compelling discovery is **DENIED**.

IT IS FURTHER **ORDERED** that all discovery in this matter shall be stayed

pending a decision by this Court concerning Defendants' immunity.

Dated: __9·27-07__                              _/s/ Robert B. Kugler_
                                                ROBERT B. KUGLER
                                                United States District Judge