(NOT FOR PUBLICATION) (Docket Entry No. 16, 19, 21, 22)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES WILLIAMS, | : |
| Plaintiff, | : Civil No. 06-3072 (RBK) |
| v. | : |
| MICHAEL E. KUNZ, et al., | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Defendants Michael E. Kunz ("Kunz") and the Honorable Louis H. Pollak ("Judge Pollak") (collectively "Defendants") for entry of summary judgment against Charles Williams ("Plaintiff"). Plaintiff alleges that Defendants violated his civil rights by failing to docket multiple service of process forms completed by Plaintiff and allegedly failing to correct that mistake after notification. For the reasons set forth below, the Court will grant summary judgment on Plaintiff's Complaint in its entirety. Also before the Court are Plaintiff's motions to amend his complaint and request a jury trial; because the amendment would be futile, Plaintiff's motions are denied.

## I. BACKGROUND

Plaintiff, acting pro se and in forma pauperis, alleges that Defendants, acting in their official and individual capacities, unconstitutionally denied him access to the court, due process, and equal protection. He additionally indicates that he claims of negligence, gross negligence,

1

fraud, and conspiracy, however, the only other specific allegations pertain to negligence. (Compl. Prelim. Statement.) These allegations stem from Defendants' alleged refusal to effect service of process in a case Plaintiff brought against Temple University. <u>Charles Williams v. Temple University et al.</u>, Civil Action No. 04-0831 (E.D. Pa. filed Feb. 26, 2004) ("<u>Temple Action</u>"). To serve the defendants in that action, Plaintiff requested USM 285 forms from Michael Kunz, the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania. (Compl. ¶ 11.) Plaintiff received these forms on December 15, 2004. (Compl. ¶ 12.) Plaintiff states that he filled out and submitted the USM 285 forms back to the Clerk's office. Plaintiff's concern appears to center on the fact that though he submitted the completed USM 285 forms to the Clerk's office, this was not noted on the docket. (Compl. ¶ 14.) He also alleges that the defendants for whom he had filled out the forms were not properly served in a reasonable amount of time. (Compl. ¶ 15.) Plaintiff alleges he sent letters to Mr. Kunz inquiring whether the defendants had been served but that Mr. Kunz never responded despite Plaintiff's inquiries in February 2005, March 2005, May 2005, June 2005, August 2005, and September 2005. (Compl. ¶¶ 16-32.) Additionally, Plaintiff states that he asked Judge Pollak and the United States Marshal's Service about the matter but received no response. (Compl. ¶ 20, 31.) Plaintiff further alleges that the clerk's office neglected to return his legal documents to him. (Compl. ¶ 33.) As a result of these alleged constitutional violations and common law torts, Plaintiff filed a <u>Bivens</u> motion for injunctive relief and damages. <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1]

---

[1] A <u>Bivens</u> action allows a plaintiff to sue a federal defendant who, acting under federal law, deprived plaintiff of a constitutional right. <u>Bivens</u> actions are analogous to actions against individuals acting under the color of state law under 42 U.S.C. § 1983.

party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## III. ANALYSIS

### A. Tort Claims

The FTCA provides that

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Thus, the only proper defendant in an FTCA claim is the United States. Pursuant to the FTCA, however, the United States may be substituted as a defendant for an employee in any common law tort action if the employee was acting within the scope of his or her employment. See 28 U.S.C. § 2679(d)(1). To effect this substitution, the Attorney General or U.S. Attorney files a certification that the defendant employee was acting within the scope of his employment at the time of the alleged incident. See 28 U.S.C. § 2679(d)(1); 28 C.F.R. §

4

15.1; 28 C.F.R. § 15.3 (delegating certification authority to the United States Attorneys); Melo v. Hafer, 13 F.3d 736, 747 (3d Cir. 1994). Upon such certification, the action shall be deemed an action against the United States, and the United States shall be substituted as a party defendant. See Melo, 13 F.3d at 747.

Here, Plaintiff has sued Mr. Kunz and Judge Pollak, both employees of the United States. The United States Attorney has provided certification that the Defendants were acting within the scope of their employment. (Defs.' Mot. for Summ. J. Ex. 2.) The United States is therefore the proper party defendant in this case, and summary judgment is granted for the tort claims against Kunz and Judge Pollak.

However, even if the Court permitted Plaintiff to amend his complaint to sue the United States as a defendant, summary judgment would still be appropriate. Plaintiff has alleged negligence. To survive a motion for summary judgment on a complaint alleging negligence, Plaintiff would need to put forth some evidence showing that Defendants breached a duty they owed him. Plaintiff cannot do so. The docketing procedure that Plaintiff argues should have occurred is in fact not the standard under which the Clerk of Court in the Eastern District of Pennsylvania operates. Defendants have provided the declaration of Mary Chase, the Operations Manager in charge of the docket clerks in the Office of the Clerk of Court in the United States District Court for the Eastern District of Pennsylvania. (Defs.' Ex. 2.) Ms. Chase explains that the Marshal's Service, rather than the Clerk of Court, is responsible for serving process on defendants where a plaintiff is proceeding in forma pauperis; if process forms are sent to the Clerk's office, employees there forward the forms to the Marshal's Service. She further explains that the docket clerk will not make any notations on the docket when a plaintiff sends in forms

5

and will await notice from the Marshal's Service that service of process has been completed. Ms. Chase's declaration details how service was effected in the <u>Temple</u> action. A review of the docket in the <u>Temple</u> action also shows that the defendants in that action have been served with summons and the Complaint and have answered. (<u>Temple</u> Action, Docket Entry No. 27, 28.)

Plaintiff has not provided any evidence that any duties owed him by the United States were breached or that he was harmed in any way. Summary judgment on the tort claims is appropriate.

### B.     Claims Against Judge Pollak

Plaintiff contends that Judge Pollak is liable for violations of Plaintiff's civil rights because he did not ensure proper service of process in Plaintiff's claim against Temple University and did not respond to his communications. Plaintiff argues that this constituted racial discrimination, deliberate indifference to his rights, and denial of due process. Plaintiffs claim against Judge Pollak fail.

Judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9 (1991). This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 199-200 (1985) (citations omitted). This immunity applies to all acts that a federal judge takes within the scope of his judicial duties, with narrow exceptions for actions taken outside the judge's judicial capacity or in the complete absence of all jurisdiction. <u>Mireles</u>, 502 U.S. at 11-12.

Plaintiff does not assert, nor does this Court conclude, that an exception to this immunity

applies. This Court dismisses all claims against Judge Pollak.

### C. Claims Against Michael Kunz

Plaintiff alleges that Mr. Kunz violated Plaintiff's civil rights because he failed to make the desired entries in the docket of the <u>Temple</u> action, did not forward the summons and complaint to the United States Marshal's Service, and did not comply with Plaintiff's requests. As a matter of law, Plaintiff's claims against Mr. Kunz also fail.

Plaintiff's constitutional claims against Mr. Kunz are brought pursuant to 42 U.S.C. § 1983, the federal statute that enables remedies for violations of constitutional rights. To establish liability under § 1983, a plaintiff must prove that the defendant deprived him of his federal constitutional or statutory rights while acting under color of state law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970). The defendant must have personal involvement in the alleged wrongs; liability cannot be established solely via respondeat superior. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement requires a showing of personal direction or of actual knowledge and acquiescence by the defendant. <u>Id.</u>

Here, Mr. Kunz had no personal involvement in the constitutional violations complained of. Mr. Kunz did not work on the docket entries in the <u>Temple</u> action or direct the actions of the docket clerks. Ms. Chase's declaration notes that when a lawsuit is commenced, the case is assigned to a docket clerk who is responsible for making the docket entries. (Defs.' Ex. 1. ¶ 3.) The docket clerk assigned to the <u>Temple</u> action was identified by the initials "fb," but other clerks made entries as well. (<u>Id.</u>) As Clerk of the Court, Mr. Kunz oversees the work of all employees in the Office of the Clerk but is not responsible for standard case docketing activities. (<u>Id.</u> at ¶ 8.) As evidenced by Ms. Chase's declaration and unchallenged by Plaintiff, Mr. Kunz

7

had no personal involvement with the docketing of the <u>Temple</u> action nor did he direct the actions of the docket clerks. <u>Id.</u> Summary judgment is appropriate on this ground.

Moreover, even for those claims that do allege personal involvement by Mr. Kunz, qualified immunity applies. Government officials are entitled to qualified immunity if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. <u>McGreevy v. Stroup</u>, 413 F.3d 359, 364 (3d Cir. 2005) (citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)). In determining whether the defendant is entitled to qualified immunity, the threshold inquiry is whether the facts adduced by the plaintiff show a constitutional violation, and if so, whether the right was so clearly established that a reasonable person would have known of it. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).

Plaintiff alleges that Kunz's actions and failures to act created constitutional violations, including denial of due process, denial of equal protection, and denial of access to the courts. The facts as alleged by Plaintiff simply do not make out any constitutional violations. Plaintiff sent his USM 285 forms to the Clerk of Court, rather than to the Marshal's Service; the Clerk of Court forwarded them to the Marshal's Service; and after service had been effected, a notation was entered in the docket. (Defs.' Ex. 1 at 2-3.) The defendants in the <u>Temple</u> action have been served and that case is proceeding. Plaintiff has provided no evidence to show how his constitutional rights to due process, equal protection, and access to the courts were infringed in any way. <u>See</u> <u>Wallace v. Abell</u>, 217 F. App'x 124, 127 (3d Cir. 2007) (granting immunity to Clerk of Court for actions with regard to timely filing of orders). Mr. Kunz is entitled to qualified immunity on the remainder of Plaintiff's constitutional claims.

8

### D. Plaintiff's Motions to Amend

Plaintiff moves to amend his Complaint to add as defendants Ms. Chase, the United States Marshal's Service, and the docket clerks in the United States District Court for the Eastern District of Pennsylvania. He also moves for a jury trial. The Court denies these motions.

Although leave to amend is generally to be freely given, denial of leave to amend is appropriate where the proposed amendment would be futile. Fed. R. Civ. P. 15(a); Foman v. David, 371 U.S. 178, 182 (1962). An amendment is futile if it would fail to state a claim on which relief could be granted. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). Plaintiff's proposal to add Ms. Chase, the Marshal's Service, and the docket clerks all suffer from the same deficiencies as the claims previously discussed. The proposed new defendants are all government officials who, if they even had personal involvement in the conduct Plaintiff complains of, would be entitled to qualified immunity. Plaintiff's allegations against these proposed defendants do not give rise to a claim of violation of a clearly established constitutional right. Because Plaintiff's proposed amendment is futile, his motion to amend to add defendants is denied. Similarly, Plaintiff's motion requesting a jury trial is denied as moot.

### IV. CONCLUSION

For the reasons stated above, the Court grants Defendants' motion for summary judgment. Plaintiff's motion to amend his to add defendants Complaint is denied, and his motion to request a jury trial is denied as moot. The entirety of Plaintiff's Complaint is therefore disposed of as a matter of law.

Dated: 3-28-2008

   /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

(NOT FOR PUBLICATION)                          (Docket Entry No. 16, 19, 21, 22)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES WILLIAMS,

           Plaintiff,           Civil No. 06-3072 (RBK)

v.

                                    **ORDER**

MICHAEL E. KUNZ, et al.,

           Defendants.

THIS MATTER having come before the Court upon motion by Defendants Michael E. Kunz and the Honorable Louis H. Pollak for entry of summary judgment against Charles Williams; and upon motion by Plaintiff Williams for leave to amend his Complaint to add additional defendants and to request a jury trial; and the Court having considered the moving papers and the opposition thereto; and for the reasons expressed in the Opinion issued this date;

IT IS HEREBY **ORDERED** that Defendants' motion for summary judgment is **GRANTED** in its entirety.

IT IS FURTHER **ORDERED** that Plaintiff's motions for leave to amend his Complaint are **DENIED**.

Dated:_____                            /s/ Robert B. Kugler
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge